NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0849n.06

No. 13-1120

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DAVID M. SALEWSKE; SHARON L. SALEWSKE, )
)
      Plaintiffs-Appellants, )
)
                v. )      ON APPEAL FROM THE
)      UNITED STATES DISTRICT
CITIBANK, NA, as trustee for the Holders of Bear )      COURT FOR THE EASTERN
Stearns Alt-A Trust, 2006-6 Mortgage Pass-Through )      DISTRICT OF MICHIGAN
Certificates, Series 2006-6, )
)
      Defendant-Appellee. )
                                              )

BEFORE: COOK, GRIFFIN, and KETHLEDGE, Circuit Judges.

GRIFFIN, Circuit Judge.

This is a residential foreclosure avoidance case involving a foreclosure by advertisement that has been pending in Michigan for over a year. Plaintiffs David and Sharon Salewske argued below that defendant Citibank—the entity that owns both their note and mortgage—had no authority to foreclose on their mortgage because they were not "the party foreclosing the mortgage" under M.C.L. § 600.3204(3). Plaintiffs believed that their loan servicer, nonparty Bank of America—who owns no interest in their note or mortgage—was the actual "party foreclosing the mortgage" because *Bank of America* threatened foreclosure, *Bank of America* provided required notices under M.C.L. § 600.3205a, and *Bank of America* published notices of the foreclosure sale. Therefore, plaintiffs concluded, the attempted foreclosure by advertisement was void ab initio because the foreclosing

party held neither their note nor mortgage. The district court rejected plaintiffs' claim and dismissed their complaint under Federal Rule of Civil Procedure 12(b)(6).[1] We likewise find plaintiffs' position meritless and therefore affirm.

## I.

This court reviews de novo a district court's order dismissing a claim under Rule 12(b)(6). *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 457 (6th Cir. 2013). In doing so, we accept all well-pled factual allegations as true and determine whether they plausibly state a claim for relief. *Roberts v. Hamer*, 655 F.3d 578, 581 (6th Cir. 2011). The plausibility analysis is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## II.

Plaintiffs' claim that Bank of America is "the party foreclosing the mortgage" under M.C.L. § 600.3204(3) is facially implausible. The district court correctly noted that plaintiffs' claim is wholly inconsistent with their position in state court. If plaintiffs honestly believed that their loan servicer was the actual foreclosing party, then they would have filed suit against Bank of America challenging the propriety of the foreclosure process. They did not. Instead, they filed suit against Citibank and obtained a temporary restraining order that enjoined Citibank from conducting a

---

[1]The district court also dismissed a variety of related federal and state law claims. In this appeal, however, plaintiffs challenge only the dismissal of the claim that Bank of America is the foreclosing party.

foreclosure sale.[2] That plaintiffs named Citibank as a defendant—and only Citibank—is not surprising because the notice of the foreclosure sale identified *Citibank* as the foreclosing mortgagee, *Citibank* as the party who has recorded its interest in the property in the land records, and *Citibank* as the party to whom the debt is owed.

Moreover, we note that plaintiffs' claim that Bank of America is the foreclosing party is wholly inconsistent with their own complaint. Under the first count, entitled "Wrongful Foreclosure: MCL 600.3204(3)," paragraph fifteen unambiguously states, "Citibank is the foreclosing party." Despite this averment, plaintiffs argued in response to Citibank's motion to dismiss that Bank of America is the foreclosing party, not Citibank. Plaintiffs have not sought to amend their complaint and continue to assert that Bank of America is the foreclosing party.

Plaintiffs' position betrays their own pleadings and defies common sense. Although their loan servicer certainly facilitated the foreclosure process, plaintiffs' litigation strategy, the undisputed chain of title, and the undisputed content of the foreclosure notices compel the conclusion that Citibank is the foreclosing mortgagee and, thus, the "party foreclosing the mortgage" under M.C.L. § 600.3204(3). Accordingly, there is no reasonable likelihood that plaintiffs can construct a viable claim that Bank of America is the foreclosing party from the facts pled in their complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). To the contrary, their complaint pleads exactly the opposite.

---

[2]The temporary restraining order has expired since Citibank removed plaintiffs' complaint to the district court on June 13, 2012, and the foreclosure sale has been adjourned on a week-to-week basis during the pendency of this action.

## III.

For these reasons, we affirm the judgment of the district court.